UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

DALE HORTON,

        Plaintiff,

  -against-

CITY OF NEW YORK; NEW YORK CITY
CRIMINAL COURT, COUNTY OF QUEENS;
NYC LAW DEPARTMENT; NEW YORK CITY
POLICE DEPARTMENT; CORPORATION
COUNSEL OF THE CITY OF NEW YORK;
POLICE OFFICER REINALDO ALVAREZ,
Tax #927853, 103rd Precinct;
POLICE OFFICERS JOHN DOES 1-8, New
York City Police Department; ADA
HARRY NUSSDORF, Criminal Court of
the City of New York; JUDGE
SUZANNE MELENDEZ, Criminal Court
of the City of New York; JUDGE
STEPHANIE ZARO, Criminal Court of
the City of New York; JUDGE ELISE
KOENDERMAN, Criminal Court of the
City of New York,

        Defendants.
----------------------------------x

**MEMORANDUM AND ORDER**
14-CV-4279 (KAM)

MATSUMOTO, United States District Judge.

      Plaintiff Dale Horton brings this *pro se* civil rights action for, *inter alia*, false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has paid the requisite filing fee.  For the reasons discussed below, plaintiff's claims against Judge Suzanne Melendez, Judge Stephanie Zaro and Judge

---

[1] This action is related to two other actions recently filed in this court. *See Johnson v. City of New York et al.*, No. 14-CV-4278 (KAM) and *Horton v. City of New York et al.*, No. 14-CV-4276 (KAM).

Elise Koenderman are dismissed. Plaintiff's remaining claims shall proceed.

**STANDARD OF REVIEW**

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**BACKGROUND**

Plaintiff brings this action in connection with his August 10, 2011 arrest at 105-31 191st Street in Jamaica, Queens. (Compl. at 10.) Plaintiff alleges that police officers "did unlawfully break into the house with assault weapons drawn in full military style gear . . . [and] unlawfully arrested

2

plaintiff inside of the house without cause or justification."
(*Id.*)  Plaintiff's "property and belongings inside of the house were destroyed and several items were missing after he was illegally removed by force."  (*Id.* at 13.)  After multiple court appearances, plaintiff's criminal case was dismissed.  (*Id.* at 15.)  Plaintiff seeks monetary damages.  (*Id.* at 17.)

## DISCUSSION

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000).  "A complaint will be dismissed as 'frivolous' when "it is clear that the defendants are immune from suit.'"  *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (internal citation omitted).  Here, plaintiff's allegations against Judges Melendez, Zaro and Koenderman stem from actions taken in their judicial capacity in connection with plaintiff's state court criminal proceedings and are foreclosed by absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (a judicial officer in the performance of his or her duties has absolute immunity from suit); *Dupree v. Bivona*, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009).  This absolute "judicial immunity

3

is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quotation omitted); *Edo v. Queens County Criminal Court*, No. 13-CV-7089, 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013).

## CONCLUSION

Accordingly, plaintiff's claims against Judge Suzanne Melendez, Judge Stephanie Zaro and Judge Elise Koenderman are dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against the remaining defendants. The Clerk of Court is respectfully requested to send a copy of this Order to plaintiff. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. Although plaintiff paid the filing fee to bring this action, the court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 22, 2014

                                          _____/s/_____
                                          **KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York