```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

DALE HORTON,

                    Plaintiff,

  -against-

CITY OF NEW YORK, NEW YORK CITY
CRIMINAL COURT COUNTY OF QUEENS, NYC
LAW DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT, CORPORATION COUNSEL OF THE
CITY OF NEW YORK, POLICE OFFICE
REINALDO ALVAREZ, POLICE OFFICERS JOHN
DOES 1-8, ADA HARRY NUSSFORF, and ADA
DEBORAH WASSEL,
                    Defendants.

**ORDER ADOPTING**
**REPORT & RECOMMENDATION**

14-CV-4279 (KAM)(LB)

```
----------------------------------------
```
**MATSUMOTO, United States District Judge:**

        Presently before the court is a Report and Recommendation issued by Magistrate Judge Lois Bloom on January 9, 2015, recommending that the court dismiss plaintiff's action with prejudice pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(v), and 41(b) after he failed to update his address with the court and failed to appear at a December 10, 2014 initial pretrial conference and the rescheduled conference on January 7, 2015.  (ECF No. 22, Report and Recommendation ("R&R").)  Although plaintiff was warned that a failure to timely appear at the court-ordered January 7, 2015 conference would result in Judge Bloom recommending that his case be dismissed, plaintiff did not request an adjournment or contact Judge Bloom to show good cause for his failure to appear.  (*Id.* at 3.) Copies of Judge Bloom's orders were mailed to plaintiff at his

last and only known address reflected on the docket. (ECF Nos. 11, 15.)

Notice of the Report and Recommendation was sent via first class mail to plaintiff at his last and only known address on January 12, 2015. Plaintiff has not updated his current address that appears on the docket.[1] As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of service of the R&R, or by January 23, 2015. (R&R at 5.) The statutory period for filing objections has expired, and no objections to Judge Bloom's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of

---

[1] On January 28, 2015, plaintiff filed a letter to the court providing his current address, which was the same as the address listed on the docket sheet since the commencement of this action. Multiple mailings from the Clerk of Court have been returned to this court as undeliverable and marked "Return to Sender, Attempted – Not Known, Unable to Forward" or "Return to Sender, Vacant, Unable to Forward." (*See* ECF Nos. 17 (Judge Bloom's 11/12/14 Order scheduling an initial pretrial conference), 20 (Judge Bloom's 12/11/14 Order rescheduling the initial pretrial conference after plaintiff's failure to appear), 23 (Judge Bloom's 12/16/14 Order granting defendant the City of New York's request to extend its time to answer and to compel plaintiff to sign a release to unseal his criminal records), 24 (Docket Sheet reflecting this court's 12/22/14 Electronic Order denying plaintiff's motions for default judgment), and 26 (Judge Bloom's R&R).)

2

the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Bloom's well-grounded recommendations, the court finds no clear error in Judge Bloom's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court. In adopting the Report and Recommendation, the court agrees with Judge Bloom's analysis of the factors to be applied when considering an Rule 41(b) dismissal and, while mindful of plaintiff's *pro se* status, finds that lesser sanctions would not be effective given that (1) plaintiff has had multiple opportunities to appear before Judge Bloom to prosecute this action and failed to do so in the face of warnings that his case would be dismissed and (2) plaintiff has yet to provide the court with an address at which he can court orders and case-related submissions. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

The Clerk of the Court is respectfully directed to enter judgment dismissing the claims against defendants with prejudice in accordance with Judge Bloom's Report and Recommendation, serve this Order and Judgment on the plaintiff at his last and only known address reflected on the docket and in

plaintiff's recent correspondence, and to close this case.

**SO ORDERED.**

Dated:    February 2, 2015
           Brooklyn, New York

                                                      /s/
                                      Kiyo A. Matsumoto
                                      United States District Judge